## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL J. CIESLIK and | ) | |
| SMITHA MATHEN, | ) | |
| | ) | **Case No.: 1:19-cv-05553** |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Hon. Edmund E. Chang** |
| BOARD OF EDUCATION OF THE | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## INITIAL STATUS REPORT

Pursuant to the Standing Order for this Honorable Court, and to its order dated August 19, 2019, the parties have met pursuant to Federal Rule of Civil Procedure 26(f) and have conducted a planning conference, and hereby submit this Initial Status Report.

1.   **Nature of the Case**

a. The attorneys of record for each party, including the lead trial attorney.

1.   Counsel for Plaintiffs, Daniel J. Cieslik and

Smitha Mathen is as follows:

Elaine K.B. Sigel, lead trial attorney

2.   Counsel for Defendant, Board of Education

Of the City of Chicago is as follows:

Susan Best, lead trial attorney

Helena B. Wright, trial attorney

b.   Basis for federal jurisdiction:

Jurisdiction for this action is conferred upon the Court by 28 U.S.C. §§ 1331 and 1334.

c.   Nature of the claims asserted in the Complaint:

Plaintiffs allege the following claims under state and federal law:

1

1. **Count I, Race Discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C §§ 2000d, *et seq.* ("Title VI").**

   Plaintiffs are employees of Defendant Board, where they have served many years as teachers. At all relevant times Plaintiffs worked at the Consuella B. York Alternative High School ("York"), a facility providing educational services to pretrial detainees.

   Plaintiffs allege that Defendant discriminated against the Plaintiffs on the basis of their race in violation of Title VI. Mathen is Asian, and Cieslik is Caucasian, the principal at York, Sims, is African-African American.

   Plaintiffs participated in an investigation at York by the Board's Office and Inspector General ("OIG"). In a report dated June 30, 2017, the OIG found numerous wrongful practices, and recommended the termination of Sims. The Board initially removed Principal Sims. Subsequently, the Board reinstated Sims and conducted its own investigation of the issues raised by the OIG Report. On November 2, 2017, the Board published a report exonerating Principal Sims. Plaintiffs allege that report contained erroneous information and stated that Plaintiffs were disgruntled employees with performance problems. The Board report revealed the Plaintiffs' races, and indicated they were racially motivated. Plaintiffs allege that Principal Sims discriminated and retaliated against the Plaintiffs and that the Board failed to take corrective action.

2. **Count II, retaliation against employees who complain of or oppose race discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C §§ 2000d, *et seq.* ("Title VI").**

   Plaintiffs allege they engaged in statutorily protected activity by participating in the OIG and Board investigations. Defendant accused that Plaintiffs were racially motivated. Defendant retaliated against the Plaintiffs by releasing, publishing, and widely disseminating a report that harmed their reputation, contained identifying information, unlawfully disclosed personal information, and improperly failed to redact Plaintiffs' names. The report stated that the Plaintiffs were disgruntled employees motivated by race against Principal Sims. The Board knew of, but failed to protect the Plaintiffs against retaliation, discrimination, and harassment at York. The Board further retaliated against the

Plaintiffs by giving them false negative performance evaluations that jeopardized their careers and threatened to disqualify them of other job opportunities.

3. **Count III, retaliation against employees who oppose sex discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1861, *et seq.* ("Title IX").**

By participating in investigations of York by the OIG and Attorney Ciesil, Plaintiffs engaged in statutorily protected activity by opposing the sex discrimination and harassment to which colleagues were subjected. The Board was aware of this participation and retaliated against the Plaintiffs with accusations of racist motivations, impugning their integrity, defaming their reputations, and giving false negative performance evaluations that prospectively denied Plaintiffs job opportunities. Defendant retaliated against the Plaintiffs with malice and/or reckless indifference as to the Plaintiffs federally protected rights.

d. Plaintiffs' Response: Whether Defendants discriminated against Plaintiffs based on race in violation of Title VI of the Civil rights Act of 1964, 42 U.S.C §§ 2000d, *et seq.* Whether Defendants retaliated against Plaintiffs due to their participation in protected activities, in violation of Title VI of the Civil rights Act of 1964, 42 U.S.C §§ 2000d, *et seq*, and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1861, *et seq.* Whether Plaintiffs have suffered damages and other injuries, entitling them to legal and equitable relief.

Board's Response: The Board did not violate any of the Plaintiffs' rights or acted unlawfully and did not discriminate or retaliate against the Plaintiffs. The major legal issues are whether Plaintiffs can bring a private right of action for employment discrimination and retaliation under Title VI of the Civil Rights Act of 1964 and Title IX of the Education Amendments Act of 1972.

e. **Count I**, Plaintiffs seek to have discrimination and retaliation ceased, false evaluations expunged, and compensatory damages for reputational injury, emotional distress, and any direct physical injury or sickness, as well as punitive damages for the Defendant's willful and malicious acts, and to deter further unlawful discrimination and retaliation.

**Count II**, Plaintiffs seek to have discrimination and retaliation ceased, false evaluations expunged, compensatory damages for reputational injury, emotional distress, and any direct physical injury or sickness, as well as punitive damages for the Defendant's willful and malicious acts, and to deter further unlawful discrimination and retaliation.

**Count III**, Plaintiffs seek to have discrimination and retaliation ceased, false evaluations expunged, compensatory damages for reputational injury, emotional distress, and any direct physical injury or sickness, as well as punitive damages

for the Defendant's willful and malicious acts, and to deter further unlawful discrimination and retaliation.

Board's Response: The Board maintains that Plaintiffs are not entitled to any damages.

2. **Pending Motions and Case Plan**

a. Defendant has waived and filed the service of process. An answer or a motion under Rule 12 is to be filed on or before November 4, 2019.

b. No motions are pending. The Board intends to file a motion to dismiss Plaintiffs Title VI claims and, probably, Title IX claim.

c. Discovery Plan:

   i. The general discovery needed includes the following:

   Fact Discovery

   Document Production pursuant to Rule 34, Fed. R. Civ. P.;

   Interrogatories pursuant to rule 33, Fed. R. Civ. P.;

   Requests for Admissions pursuant to Rule 36, Fed. R. Civ. P.;

   Depositions pursuant to Rule 30, Fed. R. Civ. P.

   ii. Mandatory Initial Discovery initial responses are due on or before 12/04/19. Mandatory Initial Discovery ESI disclosures are due on or before 01/13/20.

   iii. The Defendant filed its waiver of service on September 19, 2019. On September 26, 2019 the parties have reviewed the status report which they have discussed telephonically.

   iv. First-set of written discovery requests is due on or before 01/20/20.

   v. Fact discovery shall be completed by 06/02/20.

   vi. Expert Discovery:

      a. Plaintiffs shall submit any expert reports 30 days after ruling on any dispositive motions.
      b. Defendant shall submit any rebuttal to Plaintiffs expert reports 30 days thereafter.
      c. Defendant shall file any expert reports 15 days after their rebuttal to Plaintiffs reports.
      d. Plaintiffs shall file any rebuttal report 15 days thereafter.
      e. Defendants shall have 30 days thereafter to take the depositions of Plaintiffs experts.
      f. Plaintiffs shall have 30 days to take the depositions of Defendant's experts, after the conclusion of the depositions of Defendant's experts.

4

      vii.    Dispositive motions shall be filed 45 days after close of fact discovery. Response shall be filed within 45 days after dispositive motion has been filed.

    e.    Plaintiffs demand trial by jury. The parties estimate a five-day trial.

    f.    Parties agree to service of pleadings and other papers by electric means under Federal Rule of Civil Procedure 5(b)(2)(E).

3.    **Consent to Proceed Before a Magistrate Judge**

    a.    The case has not been assigned to a magistrate judge.  The Board does not agree to proceed before a magistrate judge at this time.

4.    **Status of Settlement Discussions**

    a.    Settlement discussions have not yet occurred; the parties plan settlement discussions prior to the initial status hearing before this Honorable court.

    b.    There have not been settlement discussions.

    c.    The Board does not request a settlement conference at this time.

DATED:    September 26, 2019

Respectfully submitted,

/s/ Elaine K.B. Siegel
One of the Attorneys for the Plaintiffs

/s/ Helen B. Wright
One of the Attorneys for the Defendant